UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-534-H

MARTIN GORDON                                                                                          PLAINTIFF

V.

JERRY ABRAMSON, MAYOR, et al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The remaining Defendants in this case have moved to dismiss Plaintiff's constitutional excessive force claim on the grounds that it is barred by the statute of limitations. Plaintiff alleges two occasions on which he was beaten by Defendants while in custody. Upon examination of the complaint, the first incident could have occurred no later than November 8, 2004, and the second occurred on October 24, 2004. This complaint was filed October 20, 2006. On April 16, 2007, the Court considered two state law tort claims and dismissed them on statute of limitations grounds. Only the federal excessive force claim remains. Now, Defendants have moved to dismiss as to this claim as well.

The statute of limitations for a claim arising under 42 U.S.C. § 1983 in Kentucky is one year. KRS 413.140(1)(a); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The statute commences to run when the plaintiff knows or had reason to know of an injury which is the basis for his action. *Kelly v. Burks,* 415 F.3d 585, 561 (6th Cir. 2005). In determining when the cause of action accrues under a § 1983 claim, the Court should look to an event that alerts the plaintiff that he has a cause of action. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). Plaintiff alleges that he was twice beaten without provocation by police in 2004. These

circumstances would certainly give any reasonable individual notice that he had a basis for a § 1983 claim. Under these circumstances, no rule of law tolls the statute of limitations. A reasonable individual would have been aware of the potential for the cause of action under these alleged circumstances and certainly would have been aware that an injury had occurred. Consequently, unless some other explanation can be found, the one year statute of limitation bars both of Plaintiff's claims.

Plaintiff argues that the statute of limitations is tolled under *Heck v. Humphrey,* 512 U.S. 477 (1994), until the dismissal of his assault charges in August of 2006. However, the Court can find no basis for applying *Heck v. Humphrey* in our circumstances. That case involved the tolling of a constitutional claim for false arrest. The same rationale does not apply to a claim for excessive force. The reason is that nothing about Plaintiff's subsequent criminal charges and their resolution conflicts with Plaintiff's excessive force claim under § 1983, if one existed. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999).

Plaintiff also argues that the five-year statute of limitations in KRS 413.120(6), which governs claims for intentional infliction of emotional distress, applies here rather than a one year limitation. Suffice to say that the one year state statute of limitations for personal injury applies to this § 1983 claim. The fact that Plaintiff may have allegedly suffered injuries in the way of pain and suffering does not convert the allegations to something other than personal injury.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss the excessive force claims is SUSTAINED and the remainder of Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Martin Gordon, *Pro Se*
        Counsel of Record